IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY PROPER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 13-0977-CV-W-SOW |
| | ) | |
| DEPUY ORTHOPAEDICS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court are defendants' Motion to Stay All Proceedings Pending Transfer to MDL No. 2197—In Re: DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation (Doc. #5) and plaintiffs' Motion to Remand (Doc. #8). For the reasons stated below, defendants' motion will be denied and plaintiffs' motion is granted.

I. Background

In November 2007, plaintiff Anthony Proper had a DePuy ASR hip prosthesis implanted in his right hip by defendant David Clymer, M.D. Plaintiff Anthony Proper alleges that during the time the DePuy ASR prosthesis was in his hip, it caused him excruciating pain, shed metal debris that caused inflammation and a pseudotumor and destroyed hip muscles and tissue, and left his right hip virtually crippled. Plaintiff Anthony Proper had revision surgery in May 2010 to correct the failed right total hip replacement. In August 2010, the DePuy ASR hip prosthesis was recalled.

In December 2010, plaintiffs Anthony and Linda Proper filed an action in the Circuit Court of Jackson County, Missouri against defendants DePuy Orthopaedics, Inc., Johnson & Johnson, and Johnson & Johnson Healthcare Systems, Inc. (the "DePuy defendants"), as well as

against defendants Dr. Clymer and his medical practice, Carondelet Orthopaedic Surgeons, P.A. (the "medical defendants"). Plaintiffs amended their Petition in February 2011 to include defendant DePuy International Limited. Plaintiffs' Petition essentially alleges products liability claims against the DePuy defendants and defendant DePuy International Limited, and medical malpractice or negligence claims against the medical defendants. According to plaintiffs, plaintiff Anthony Proper's essential claim is that the defective design of the DePuy ASR hip prosthesis, exacerbated by Dr. Clymer's negligent implantation of the prosthesis, combined to cause excessive metal wear and resulting inflammation that destroyed Mr. Proper's hip muscles and tendons, crippling him.

This is not the first time this case has come before the Court. The DePuy defendants removed the case to this Court on February 25, 2011 on the basis that plaintiffs improperly joined the medical defendants to defeat diversity jurisdiction. The DePuy defendants sought transfer of the case to MDL 2197 pending in the Northern District of Ohio, <u>In re DePuy Orthopaedics Inc., ASR Hip Implant Products Liability Litigation</u>, as well as a stay of proceedings. On May 13, 2011, the Court denied the DePuy defendants' requests and granted plaintiffs' motion to remand.

Almost three years later, the DePuy defendants filed a Second Notice of Removal, contending that a deposition of plaintiff revealed, for the first time, that plaintiffs were actually Arkansas citizens for diversity purposes. The DePuy defendants are again seeking to have the above-captioned case transferred to MDL No. 2197, which coordinates all federal products liability actions involving DePuy ASR Hip Systems such as the DePuy ASR hip prosthesis at issue here. The DePuy defendants state that they have provided the JPML with notice of this action and expect a conditional transfer order to issue shortly. The DePuy defendants contend

2

that a stay is appropriate because a stay would promote the interests of efficiency and judicial economy, and further, a stay would allow Judge Katz to resolve pretrial issues common to the federal ASR Hip actions.

Now pending before the Court is the DePuy defendants' Motion to Stay the proceedings pending final transfer to the MDL court, as well as plaintiffs' Motion to Remand the case back to Missouri state court.

## II. Discussion

**A. Motion to Stay**

The DePuy defendants move the Court to stay all proceedings in this case, and to refrain from deciding plaintiffs' motion to remand, pending the transfer of this case to MDL 2197. The DePuy defendants so move on the basis that granting a stay will further judicial economy and avoid inconsistent pretrial rulings by allowing the MDL court to uniformly decide pretrial issues common to all federal DePuy ASR Hip Systems actions. The DePuy defendants contend that the MDL court is capable and ready to address the key issue in determining remand, namely, whether 28 U.S.C. § 1446(b) is subject to equitable tolling.

*1. Standard*

The parties all agree that this Court has the power to stay the proceedings. Indeed, the Court may, in its discretion, grant a stay when it serves the interest of judicial economy and efficiency. In cases where an MDL transfer is pending, it is appropriate for the district court to balance three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. See Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D. Cal. 1997).

3

Further, pursuant to Rule 2.1(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, "[t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." The Court may rule upon motions to remand between the date the motion is filed and the date that transfer of the action to the MDL is finalized. See In re DePuy Orthopaedics Inc., ASR Hip Implant Products Liability Litigation, MDL No. 2197, Transfer Order, n.2 (J.P.M.L. Oct. 28, 2013).

*2. Analysis*

Initially, the Court notes that neither party has questioned this Court's ability to determine the issue arising in plaintiffs' motion to remand. Further, the Court finds that the pivotal issue present in the motion to remand is not likely to arise in other MDL cases. Although the DePuy defendants argue that the MDL court is likely to address the same issue in two previously transferred cases, the Court finds this argument unpersuasive. First, the two cases cited by the DePuy defendants do not appear to contain the issues present in this case. One case contained a motion to remand, filed over a year ago, but was ultimately transferred to the 2197 MDL. And the issue contained in the motion to remand was whether plaintiffs fraudulently joined an original defendant. In the other case, no motion to remand was ever filed. Therefore, it is unlikely that the MDL court will confront the issue in any other case before it. See Kohl v. Am. Home Prods. Corp., 78 F.Supp.2d 885, 888 (W.D. Ark. 1999) ("In deciding whether to stay ruling, the court considers among other things, whether the issues in question are easily capable of arising in multiple cases, whether the issues involve common questions of law and fact which

4

relate to the cases already transferred to the MDL, and whether it would serve judicial economy to have the questions resolved by a single court.").

The Court also finds that the potential prejudice to the non-moving party, plaintiffs, would be sufficiently greater. For nearly three years the parties have been actively litigating the case in state court. In state court, the parties propounded and answered discovery requests, took depositions, retained experts, and obtain a trial date from the trial judge.[1] Because the case could have been tried weeks ago, it is hard to imagine how the DePuy defendants would be prejudiced by denying the stay at this time. This factor makes this case unlike most of the cases where the court has granted a motion to stay for judicial economy and efficiency reasons. See, e.g., Robinson v. DePuy Orthopaedics, Inc., No. 3:12-CV-03, 2012 WL 831650, at *3 (W.D. Va. Mar. 6, 2012) (deferring ruling on motion to remand and staying action pending MDL's decision concerning plaintiff's opposition to the conditional transfer order because it served interests of judicial economy and efficiency) (citing cases).

Lastly, and as the Court noted previously, while it may be true that some courts stay proceedings pending MDL proceedings when there is a pending motion to remand, this Court is not required to do so, and is not inclined to follow suit in the instant case. See Judicial Panel on Multidistrict Litigation, Rule 2.1(d); Laurence v. Eli Lily & Co., No. 05-4319-CV-NKL, 2005 WL 3533401, at *1 (W.D. Mo. Dec. 22, 2005) (while jurisdictional issues may be decided by the MDL court, there is no mandate that they must be) (citing In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990)); Minn. V. Pharmacia Corp., No. 05-1394 (PAM/JSM), 2005 WL 2739297, at *2 (D. Minn. Oct. 24, 2005) (denying motion to stay and determining motion to remand although MDL pending). For these reasons, the Court denies the DePuy defendants' motion to stay.

---

[1] The trial judge set a firm trial date for November 3, 2013.

**B. Motion to Remand**

Plaintiffs move the Court to remand the above-captioned case to state court because federal jurisdiction is lacking. In particular, plaintiffs argue federal jurisdiction is lacking, and remand is appropriate, because the DePuy defendants' have failed to remove the case within one year of its commencement in Missouri state court.[2] See 28 U.S.C. § 1446(b).

*I. Standard*

A civil action filed in state court may generally be removed to federal court if the federal court has jurisdiction. 28 U.S.C. § 1446(a). Removal statutes are strictly construed and when federal jurisdiction is in doubt, the court should rule in favor of remand. Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir.2007). The removing party has the burden of proving that all the prerequisites of § 1446 are met. In re Business Men's Assur. Co. Of Am., 992 F.2d 181, 183 (8th Cir.1993).

*II. Analysis*

Plaintiffs argue the case should be remanded because the DePuy defendants failed to remove the case within one year of its commencement in Missouri state courts. Plaintiffs argue that Section 1446(b), as it existed at the time the case was filed, does not provide for an equitable exception to the one-year limitation. The DePuy defendants argue that the one-year limitation set forth in Section 1446(b) should be equitably tolled. The DePuy defendants contend that plaintiffs willfully and consciously failed to reveal that the plaintiffs were Arkansas citizens, thus meriting the application of an equitable exception to the one-year period for removal under Section 1446(b). In support of its position, the DePuy defendants highlight The House Report that amended Section 1446(b) as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("the JVCA"). However, like the majority of courts to have considered this

---

[2] Because this issue is dispositive, the Court will not address plaintiffs' remaining arguments.

argument before the JVCA, the Court concludes that the one-year limit is absolute and cannot be equitably tolled.

At the time the case was filed, the previous Section 1446(b) provided:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion order or other paper from which it may be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after the commencement of the action.*

28 U.S.C. § 1446(b) (emphasis added).[3]

The Fifth Circuit is the only circuit court to have recognized an equitable exception to the one-year limit of Section 1446(b). According to the Fifth Circuit, equitable relief is warranted where the plaintiff "has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights." Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th Cir. 2003). In Tedford, the plaintiff filed suit in a Texas state court against a diverse pharmaceutical manufacturer. Id. at 424. After learning the defendant intended to remove the case to federal court, the plaintiff amended her complaint to include a non-diverse defendant, the defendant who prescribed her the medication. Id. The district court granted the motion to remand over the manufacturer's claims of fraudulent joinder.

---

[3] Section 1446 recently underwent substantial revisions. See 28 U.S.C. § 1446(b) (2012); see also Federal Courts Jurisdiction & Venue Clarification Act, Pub. L. No. 112–63 (2011). The effective date for these revisions was January 6, 2012. Pub. L. No. 112–63 § 103. Eighth Circuit precedent and the Federal Rules of Civil Procedure clarify that in reviewing these motions, the Court should rely on § 1446(b) as it appeared prior to these changes. The parties do not disagree on this. Because this case commenced in state court prior to January 6, 2012, the Court will apply the old version of § 1446(b).

7

Id. After the one-year mark passed under Section 1446(b), the plaintiff dismissed the physician as a party without conducting any discovery. Id. The manufacturer again removed the case, but the district court retained jurisdiction because the court concluded that the plaintiff's behavior was calculated to avoid federal jurisdiction. The Fifth Circuit agreed and upheld the district court's ruling, concluding that the one-year limitation in Section 1446(b) was procedural and therefore subject to an equitable exception. Id. at 427.

The Eighth Circuit has never considered whether the prior Section 1446(b) was subject to an equitable exception. But the Eighth Circuit has concluded that a "[f]ailure of a party to remove within the one year limit precludes any further removal based on diversity." Lindsey v. Dillard's Inc., 306 F.3d 596, 600 (8th Cir. 2002). While many courts around the country have disagreed whether the previous version of Section 1446(b) is subject to an equitable exception and therefore procedural, district courts within the Eighth Circuit have consistently rejected proposals to adopt an equitable exception to Section 1446(b)'s one-year limitation based on the unambiguous language of the statute as well as the legislative history. See, e.g., Clark v. Wyeth, Inc., No. 4:06-CV-275-RWS, 2012 WL 3027916 (E.D. Mo. July 24, 2012) (citing numerous cases that have concluded the plain language of the previous version of Section 1446(b) was absolute and jurisdictional); Wejrowski v. Wyeth, No. 06-CV-292-CDP, 2012 WL 2367388, at *3 (E.D. Mo. June 21, 2012); Calma v. Wyeth, 4:06-CV-276-CDP, 2012 WL 1971145, at *4 (E.D. Mo. June 1, 2012); Advanta Technology Ltd. v. BP Nutrition, Inc., No. 4:08-CV-612-ERW, 2008 WL 4619700, at *4 (E.D. Mo. Oct. 16, 2008).

The DePuy defendants argue that Congress always intended Section 1446(b) to be subject to equitable tolling, because, in 2011, Congress amended Section 1446(b) to create the exception that defendants argue for here. The Court finds this argument unpersuasive, however. First,

nothing cited in the legislative history of Section 1446(b) supports the DePuy defendants' hypothesis that Congress always intended Section 1446(b) to include an equitable exception. Rather, the legislative history makes clear that court decisions varied in their interpretations and "statutory language to resolve the conflict [was] appropriate." See H.R. Rep. No. 112-10, at 15 (2011), *reprinted in* 2011 U.S.C.C.A.N. 576, 580. Second, district court decisions decided after the JVCA have concluded that the legislative history and unambiguous text of the statute indicate that an equitable exception was not contemplated. See, e.g., Calma, 2012 WL 1971145, at *4; Clark, 2012 WL 3027916, at *3 (plain language of the previous Section 1446(b) indicates the one-year limitation is absolute and jurisdictional; also recognizing that the legislative history indicated that previous Section 1446(b) was jurisdictional). Lastly, to create such an exception to the one-year time limitation in the previous version of Section 1446(b) would "improperly contravene the Court's role of interpreting and applying a statute as written by Congress." Wejrowski, 2012 WL 2367388, at *3. For all these reasons, the Court finds that the time limitation in the previous Section 1446(b) is not subject to any equitable exceptions. Therefore, because removal by the DePuy defendants is barred by the one-year limitation set forth in Section 1446(b), the motion to remand will be granted.

## C. Request for Attorneys' Fees

In their motion to remand, plaintiffs request attorneys' fees. The Court denies plaintiffs' request, as the DePuy defendants had an objectively reasonable basis to remove the case to federal court. See Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) ("[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.").

III. Conclusion

Accordingly, it is hereby

ORDERED that defendants' Motion to Stay All Proceedings Pending Transfer to MDL No. 2197—In Re: DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation (Doc. #5) is denied. It is further

ORDERED that plaintiffs' Motion to Remand (Doc. #8) is granted. The above-captioned case is hereby remanded to the Circuit Court of Jackson County, Missouri for all further proceedings.

    /s/ Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

DATED: December 5, 2013